BRIDGET O'BYRNE, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] The practice of *striking* a jury in petty offences where the accused is allowed seven *challenges*, and the State five, is now too well settled as an equivalent for challenging, to be overruled as an inadmissible practice in that particular class of cases.

[2.] Where there is evidence going to impeach a witness, it is error in the presiding Judge, after giving a charge as to the effect of impeaching evidence, then to express a doubt whether such charge is applicable to the case.

Indictment, in Bibb Superior Court. Tried before Judge COCHRAN, at May Term, 1859.

The plaintiff in error was indicted and found guilty of unlawfully furnishing a slave with spirituous liquor. Her counsel moved for a new trial on the following grounds, to-wit:

1st. Because the Court erred in refusing to allow prisoner to challenge peremptorily, seven of the panel of petit jurors put upon her. Her counsel claiming the right under the statute to such challenge before proceeding to strike a jury.

2d. Because the Court erred in refusing to permit prisoner's counsel to ask Thomas Pearce, a witness introduced by defendant, after the State had closed, "if in a case in which Fanny Bell (the principal witness for the State) was interested or had prejudice, from his general knowledge of her character, he would believe her on oath?" To this ground is added—same question allowed subsequently to another witness, and also leave granted to prisoner's counsel to recall Pearce and ask him the question, being still within call of the Court.

3d. Because the Court when requested by prisoner's counsel to charge, "that when a witness is impeached, the jury may or may not believe her testimony as they in their judgment may determine"—did so charge, but added that "he doubted whether it applied to this case or not."

O'Byrne vs. The State.

4th. Because the verdict was contrary to law and the evidence.

After argument, the Court refused the motion for a new trial, and counsel for prisoner excepted.

W. K. DeGraffenreid; and Wm. T. Massey, for plaintiff in error.

Sol. Gen. Montfort, *contra*.

*By the Court.*—Stephens J. delivering the opinion. ·

[1.] In petty offences, the practice of *striking* a jury, has been so long and so uniformly held to be an equivalent for challenging as provided by statute, that we are not disposed at this late day to hold it an inadmissible practice in that particular class of cases. The first assignment of error therefore is overruled.

[2.] In this case, there was the testimony of two witnesses that from their knowledge of the general character of Fanny Bell, the State's main witness, they would not believe her under oath in a case where she had either an interest or a prejudice; and it was also in evidence that she had had with defendant a difficulty which remained unsettled. This therefore, was evidence going to her impeachment. The Judge charged the jury as to the effect of impeachment where successfully made out, and then expressed a doubt whether the charge was applicable to the case. This was equivalent to saying that he doubted whether the defendant had made out a case of impeachment, and this again is a clear intimation of his opinion as to the evidence, contrary to the statute prohibiting such intimations. The judgment must be reversed on this ground, without considering the other ground which was abandoned in the argument.

Judgment reversed.